IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DARLENE STEPHENS** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 4:13-cv-03748 |
| § | | |
| **KRIV** § | | |
| **FOX ENTERTAINMENT GROUP** § | | |
| **FOX TELEVISION STATIONS, INC.** § | | |
| **and NEWS CORP.** § | | |
| Defendants. § | | **JURY DEMANDED** |

## DEFENDANT FOX TELEVISION STATIONS, INC.'S MOTION IN LIMINE

Defendant Fox Television Stations, Inc. ("Fox") submits the following matters in connection with its Motion in Limine:

### I.     INTRODUCTION

In an effort to avoid prejudice and a possible mistrial, Fox presents this Motion and requests that the Court, prior to the voir dire examination of the jury panel, jury selection, and trial, exclude certain matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Plaintiff, her attorneys, or witnesses (collectively "Plaintiff") inject these matters in this case, Plaintiff will prejudice the jury and cause irreparable harm to Fox's case that no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of the jury, Fox will be compelled to move for a mistrial.

Fox, therefore, requests that the Court grant its Motion and instruct the Plaintiff not to mention, refer to, allude to, or attempt to convey to the jury in any manner whatsoever, either directly or indirectly, any of the matters set out below without first obtaining permission and consent of the Court outside the presence and hearing of the jury or prospective jurors.

## II.  MOTION IN LIMINE

**1.  Settlement Negotiations.**  Any evidence, statement, or argument about settlement negotiations.  Evidence of settlement negotiations is inadmissible. *See* FED. R. EVID. 408; *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526-30 (3d Cir. 1995).

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**2.  Dismissed Claims/Parties.**  Any evidence, statement, or argument relating to Plaintiff's claims that have been dismissed, specifically: (1) cause of action number 1, violation of The Age Discrimination in Employment Act; (2) cause of action number 2, retaliation; and (3) cause of action number 4, wrongful interference with Plaintiff's Employment Benefits Rights.  In addition, any evidence, statement or argument relating to parties who have been dismissed from the case, including News Corp. and Fox Entertainment Group.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**3.  Claims Not Alleged.**  Any evidence, statement, or argument relating to any claims that Plaintiff has failed to assert in her Complaint (Dkt. No. 1), including that: (1) Fox failed to provide notice to Plaintiff regarding FMLA leave; (2) Fox acted willfully or with reckless disregard with respect to Plaintiff's FMLA rights and claims; and (3) Fox retaliated against Plaintiff for asserting her FMLA rights.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**4.  Claims of Previous Discrimination**.  Any evidence, statement, or argument relating to any alleged discrimination against Plaintiff during her employment at Fox or any Fox affiliate, including WAGA in Atlanta where Plaintiff previously worked.

5. **Filed Motions.**  Any mention of or reference to any motion filed by either party or the Court's order(s) thereon, including this Motion in Limine.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

6. **Absent Witnesses/Witnesses Not Called.**  Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

7. **Trial Strategy.**  Any reference or allusion to any failure of a party to call a witness equally available to both sides.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

8. **Evidentiary Objections.**  Any reference to, or mention of, any evidentiary objection(s) made by Defendant outside the presence of the jury, including objections to potential exhibits, deposition excerpts, and summary judgment evidence.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

9. **Undesignated Experts/Expert Testimony from Lay Witnesses.**  The presentation of, and any evidence from, any expert witness at trial who was not identified or timely designated as a testifying expert as required by Federal Rule of Civil Procedure 26 or in response to discovery requests.  In addition, the presentation of, and any testimony or opinions from, a lay witness on subjects or matters that require expert opinions and/or specialized knowledge, training, and experience.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**10.   Undisclosed Fact Witnesses.**  Any testimony from a fact witness who was not timely disclosed in Rule 26 disclosures and any testimony from a fact witness that is not based on that witness's personal knowledge.  FED R. EVID. 401, 402, and 403.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**11.   Pretrial Order.**  Any evidence, statement, or argument supporting an issue not contained in the final pretrial order, the discovery responses, or the pleadings.  *Life Care Ctrs. Of Am., Inc. v. Charles Town Assocs. L.P.*, 79 F.3d 496, 507-08 (6th Cir. 1996).

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**12.   Unproduced Evidence.**  Any evidence that Plaintiff did not produce in response to any requested discovery and that is not included on Plaintiff's exhibit list.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**13.   Unproduced/Undisclosed Medical Evidence.**  Any medical evidence, including documents and testimony, relating to Plaintiff that has not been previously produced or disclosed in this case.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**14.   Exhibits.**  The presentation of, mentioning of, or reference to any exhibits or documents included on Plaintiff's exhibit list that Defendants objects to, unless and until the Court overrules Defendant's objection(s).

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

  **15.** **Privilege.** Any evidence, statement, or argument suggesting that Defendant, through its attorneys, asserted claims of privilege during discovery.  Claims of privilege are not admissible as evidence.  *See* FED. R. EVID. 501.

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

  **16.** **Attorney-Client Privilege.** Any attempts to elicit testimony from Defendant about communications with its attorneys.  Such communications are privileged.  *See* FED. R. EVID. 501.

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

  **17.** **Jackson Walker L.L.P.** Any reference to "Jackson Walker" as a big firm or reference to the number of attorneys at the firm.

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

  **18.** **Agreements in Front of Jury.** Any attempt to ask Defendant's attorneys to produce documents, stipulate to any fact, or make any agreement in the presence of the jury.

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

  **19.** **Other Claims/Litigation/Investigations.** Any evidence, statement, or argument regarding other claims, suits, litigation, government investigations, or actions against Defendant or affiliated companies, including those handled by Plaintiff's counsel, regarding other

individuals who claim that Fox has violated the FMLA and/or discriminated against them. FED. R. EVID. 401, 402, and 403.

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

    **20.    Other lawsuits.** Any mention of any other lawsuits filed against Defendant including any settlements of any lawsuits filed against Defendant or its affiliated companies. FED. R. EVID. 401, 402, and 403.

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

    **21.    Reduction of Jury Award.** Any evidence, statement, or argument to the jury that the Court can reduce the amount of the jury's award.

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

    **22.    References to Defendant as a "repeat offender" of any employment laws or statutes.** Any evidence, statement, or argument referring to, suggesting, or alluding to the Defendant as a "repeat offender" of any employment laws or statutes.

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

    **23.    Debbie Benjamin.** Any evidence, statement, or argument referring to, suggesting, or alluding to Fox discriminating against Debbie Benjamin.

UNOPPOSED/AGREED: _____ GRANTED _____ DENIED _____

**24.**     **Damages and Damage Computations.**  Any attempt to introduce evidence of Plaintiff's alleged damages, computations of damages, and/or methods or formulas of calculating damages that have not been timely disclosed in this case.  FED. R. CIV. P. 26.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**25.**     **Punitive and Other Damages.**  Any attempt to introduce evidence relating to punitive or exemplary damages, liquidated damages, mental anguish damages or emotional distress damages.  Such damages are not recoverable in this case and/or are outside the province of the jury.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**26.**     **Emotional Distress/Mental Anguish.**  Any attempt to introduce evidence that Plaintiff suffered emotional distress or mental anguish.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**27.**     **Plaintiff's Homelessness.**  Any evidence, statement, or argument referring to, suggesting, or alluding to Plaintiff's alleged homelessness after her termination.  Plaintiff's alleged homelessness has no bearing on any issue in this case, and any evidence regarding her alleged homelessness would constitute an attempt to elicit sympathy from the jury.  *See* FED. R. EVID. 401-403.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**28.**     **Plaintiff's Medical Issues.**  Any evidence, statement, or argument relating to medical issues other than Plaintiff's LAP-BAND procedure and/or any medical issues Plaintiff

7

allegedly experienced after her employment at Fox Televisions Stations, Inc. These medical issues have no bearing on any issue in this case, including any potential damage recovery, and any evidence regarding them would constitute an attempt to elicit sympathy from the jury. *See* FED. R. EVID. 401-403.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

29.   **Plaintiff's Religion.**  Any evidence statement, or argument that Plaintiff and her family attend church every Sunday, work/volunteer for a church, or are involved with a church. *See* FED. R. EVID. 610.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

30.   **Corporation Bias.**  Any evidence, statement, or argument attempting to impose liability on or arouse prejudice against Fox simply because it is a corporation.  In addition, any evidence, statement, or argument relating to Fox's media size and/or presence, or any reference comparing the size or power of Fox to plaintiff (including references that Plaintiff is going up against a big company or similar references).

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

31.   **Fox's Net Worth**.  Any evidence, statement, or argument referring to, suggesting, or alluding to Fox's net worth or value, or the relative wealth and power of the parties.

UNOPPOSED/AGREED: _____   GRANTED _____   DENIED _____

**32.     Political Bias.**  Any evidence, statement, or argument relating to Fox's affiliation with any particular political party and/or Fox News.

UNOPPOSED/AGREED: _____     GRANTED _____     DENIED _____

**33.     References to Defendant as a dishonest company.**  Any evidence, statement, or argument referring to, suggesting, or alluding that Fox lies, is a "liar," a "lying company" or a dishonest company.

UNOPPOSED/AGREED: _____     GRANTED _____     DENIED _____

**34.     Attorneys' Fees.**  Any attempt to enter evidence relating to Plaintiff's attorney's fees associated with her case against Fox.

UNOPPOSED/AGREED: _____     GRANTED _____     DENIED _____

**35.     Plaintiff's Counsel.**  Any reference to Plaintiff's counsel as experts or specialists in the area of employment law or the FMLA, or to the number of employment or FMLA cases Plaintiff's counsel handles, or to the size of Plaintiff's counsel's law firm or practice.

UNOPPOSED/AGREED: _____     GRANTED _____     DENIED _____

### III.     CONCLUSION

For the foregoing reasons, Fox asks the Court to instruct Plaintiff and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Plaintiff and all attorneys to warn and caution each of their witnesses to follow the same instructions.

                Respectfully submitted,

        By:  */s/ Marlene C. Williams*
                Marlene C. Williams
                State Bar No. 24001872
                Fed ID No. 22824
                JACKSON WALKER L.L.P.
                1401 McKinney, Suite 1900
                Houston, Texas  77010
                (713) 752-4301
                (713) 754-6701 (Direct Fax)
                mcwilliams@jw.com

                **ATTORNEYS FOR DEFENDANT**
                **FOX TELEVISION STATIONS, INC.**

**OF COUNSEL:**
Michael J. Woodson
State Bar No. 24084117
Fed ID No. 1691760
mwoodson@jw.com
JACKSON WALKER L.L.P.
1401 McKinney, Suite 1900
Houston, Texas  77010
(713) 752-4200
(713) 752-4221 (Facsimile)

## CERTIFICATE OF SERVICE

     This is to certify that on June 17, 2015, a true and correct copy of the foregoing document was filed with the Court's Electronic Case Filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action.

                        */s/ Marlene C. Williams*
                        Marlene C. Williams